UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TIMOTHY RANDAZZO | CIVIL ACTION |
| VERSUS | |
| N. BURL CAIN | NO. 14-732-JJB-RLB |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 22, 2016.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TIMOTHY RANDAZZO                                                CIVIL ACTION

VERSUS

N. BURL CAIN                                                         NO. 14-732-JJB-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The petitioner, a Louisiana state inmate, filed a *pro se* Motion for Extension of Time to File/Notice of Intent, notifying the Court of his intent to seek habeas relief and seeking a sixty (60) day extension of time to file a petition for writ of habeas corpus under 28 U.S.C. § 2254 (R. Doc. 1). For the reasons set out below, it is recommended that the motion for extension of time be dismissed for want of jurisdiction.

Rather than submitting a petition for writ of habeas corpus under 28 U.S.C. § 2254, the petitioner filed a motion for extension of time to do so. He asserts that an extension is necessary due to the long hours which his job assignment as "field hand" requires and due to lack of legal assistance at the prison. Therefore, he requests a sixty (60) day extension of time to file his federal petition.

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. 104–132, 110 Stat. 1217, on April 24, 1996. It applies to all federal petitions for habeas corpus filed after its effective date. *Lindh v. Murphy,* 521 U.S. 320, 326 (1997). One of the ways that Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions was by imposing a one-year statute of limitations for filing a federal petition. *See* 28 U.S.C. § 2244(d)(1). AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida,* 500 U.S. 631, 645 (2010) (deciding that the timeliness provision in the AEDPA is subject to equitable tolling). A habeas

petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing.  *Id.* at 649 (*citing Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)).  "Equitable tolling applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights."  *See Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir.1999) (*quoting Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir.1996)).

Section 2254 does not authorize federal courts to prospectively extend, stop or toll the one-year statute of limitations.  *See* § 2244(d)(1).  Federal courts lack jurisdiction to consider the timeliness of a habeas petition until it is actually filed.  *See United States v. McFarland,* 125 Fed. App'x 573, *1 (5th Cir. 2005) ("Before the [§ 2255] petition itself is actually filed, 'there is no case or controversy to be heard, and any opinion we were to render on the timeliness would be merely advisory.'"); *see also Gray v. Quarterman,* 2008 WL 5385010 (N.D. Tex. 2008) (federal courts do not "sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them]"), *quoting Princeton University v. Schmid,* 455 U.S. 100, 102 (1982) (other citations omitted)).  A party seeking to invoke federal subject matter jurisdiction must present a justiciable case or controversy.  *Gray,* 2008 WL 5385010 at *1, *citing Juidice v. Vail,* 430 U.S. 327, 331 (1977) (other citations omitted).

Here, a ruling on the petitioner's motion for extension will require an advance determination of whether his petition will be time-barred and whether equitable tolling is applicable.  As noted, § 2254 does not authorize a prospective extension of the statute of limitations.  There is no adverse party before the Court at this time, and no concrete dispute to be decided.  Accordingly, the Court lacks subject matter jurisdiction to grant any relief.

Should the petitioner pursue an appeal, a certificate of appealability should also be denied.  An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding

"unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original).  In the instant case, the Court finds that reasonable jurists would not debate the correctness of the procedural ruling.  Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the Petitioner's Motion for Extension of Time (R. Doc. 2) be dismissed *sua sponte* for want of jurisdiction. It is further recommended that, in the event that the petitioner seeks to pursue an appeal, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on April 22, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**